# EXHIBIT A

to

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

*CHRISTOPHER GRAVELINE, et al. v. RUTH JOHNSON, Secretary of State of Michigan, et al.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| CHRISTOPHER GRAVELINE, et. al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil No. |
| v. | ) ) ) | |
| RUTH JOHNSON, Secretary of State of Michigan, in her official capacity, et. al., | ) ) ) | |
| Defendants. | ) | |

DECLARATION OF RICHARD WINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

(Pursuant to 28 U.S.C. section 1746)

I, Richard Winger, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am above the age of 18 and a resident of San Francisco, California.

2. I am the editor of Ballot Access News, a 33-year-old print publication that covers changes in the ballot access laws that affect minor political parties and independent candidates. I have been accepted as an expert witness concerning ballot access for minor parties and independent candidates, in ten states. My *c.v.* is attached as Exhibit "A".

3. Michigan did not have any statutory procedures for independent candidates to get on the ballot until 1988. Michigan's failure to have any procedures for independent candidates was held unconstitutional in 1976 in *McCarthy v Austin*, 423 F.Supp. 990 (W.D. Mich. 1976). Even though Michigan did not appeal this decision of a 3-judge U.S. District Court, the legislature refused to pass a procedure for independent candidates until HB 4090 was signed into law on May 1, 1988, setting up the procedure that exists today, which requires that an independent candidate for statewide office submit a nomination petition with 30,000 valid signatures, due in July.

1

4.     In the years 1978 through 1984, independent candidates who wanted to be on the Michigan ballot routinely filed lawsuits in federal court, and the court would order these candidates to be put on the ballot even though they had not filed any petitions. In 1986 the Secretary of State said he would put any independent candidate on the ballot if the candidate requested to be on the ballot. In 1988, the Secretary of State said he would now expect independent candidates to follow the new statutory procedure if they wished to be on the ballot that year, but several independent candidates filed lawsuits alleging it violated due process to expect them to submit 30,000 signatures, due in July, on such short notice. All of those lawsuits resulted in federal courts agreeing that the petition procedure could not be applied for the 1988 election. None of them is reported. The first such 1988 case was *Fulani v Austin*, No. 87-cv-72331 (E.D. Mich.).

5.     Since the 1988 election, no independent candidate for statewide office has managed to complete the petition, except presidential candidates Ross Perot in 1992, and Ralph Nader in 2004. And even the statement that Nader complied with the requirement in 2004 is misleading. Nader supporters only submitted 5,463 signatures, but the Michigan Republican Party circulated its own petition for Nader, which had 45,040 raw signatures. The Michigan State Appeals Court ruled that the signatures collected for Nader, but without his involvement, were valid, and he appeared on the ballot. See *Deleeuw v Canvassers Board,* 688 NW 2d 847 (Mich. App. 2004).

6.     On May 3, 2012, Libertarian Party presidential nominee Gary Johnson was told by the Secretary of State that he could not be listed on the November ballot as the Libertarian nominee, because he had run in that year's Republican presidential primary, and the law appeared (to the Secretary of State) to bar qualified minor parties from nominating anyone who had earlier that year run in a major party primary. But, the Secretary of State told Johnson that he could be an independent candidate for president, because no law barred such "sore losers" from petitioning as an independent candidate.[1] However, the independent petition procedure was considered by Johnson and the Michigan Libertarian Party to be too difficult to complete, and as a result,

---

[1] See the article "Sore Loser Laws and Democratic Contestation" by Michael S. Kang in The Georgetown Law Journal, vol. 99, no. 4, April 2011, page 1044, which has a chart telling the year each state's sore loser law was passed.

2

Johnson did not appear on the Michigan November ballot. Johnson did appear on the ballot of all the other states except Oklahoma.

7. The experience of all fifty states, since the beginning of government-printed ballots, shows that a very small petition requirement is sufficient to keep frivolous candidates from getting on the ballot and causing ballots to be overcrowded. U.S. Supreme Court Justice John Harlan, in his concurrence in *Williams v Rhodes*, 393 U.S. 23 (1968), at 47, said that he didn't believe that having as many as eight candidates on a ballot for a particular office would cause voter confusion. I have, in over fifty years of research, collected election returns from all states for all statewide general elections since the beginning of government-printed ballots. I have also studied the history of each state's ballot access laws, from their beginning, and have determined the number of signatures required for independent candidates and new parties for statewide office at all regularly-scheduled even-year elections. I have further determined that any state that required more than 5,000 signatures for general election ballot access for independent candidates or new parties, for statewide office, has never had more than eight candidates on the ballot for any particular office.[2] Among the states that required exactly 5,000 signatures, Ohio 1976 is the only instance with more than eight candidates, and that was nine candidates on the ballot for president.

8. Michigan's 30,000-signature requirement for independent candidates for statewide office is higher than all but five states: Alabama, Arizona, Georgia, North Carolina and Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2018.

Richard Winger
Richard Winger

---

[2] Elections in which voters cast votes for more than one candidate in a single race, such as Michigan's elections for educational offices, are excluded.

Richard Winger Curriculae Vitae
3201 Baker Street
San Francisco, California 94123
Updated March 13, 2018

EDUCATION
BA, Political Science, University of California, Berkeley, 1966
Graduate study, Political Science, UCLA, 1966-67

EMPLOYMENT
*Ballot Access News*, Editor 1985-Present
Editor of newsletter covering legal, legislative and political developments of interest to minor parties and independent candidates. Researcher of ballot access laws of all 50 states from years 1888-present; well versed in how ballot access laws of each state work historically and how they compare to each other. Responsible for reading all statutes, regulations, legal opinions, and state attorney general opinions on rights of political parties and the publications of minor parties.

On the Editorial Board of *Election Law Journal*, published by Mary Ann Liebert, Inc., Larchmont, N.Y., since 2001.

PUBLICATIONS
Wrote a chapter or two in each of these books:

*America Votes! A Guide to Modern Election Law and Voting Rights,* 2nd edition, 2012, published by the American Bar Association's Section of State and Local Government Law, editor Benjamin E. Griffith.

*Others, Vol. 2, Third Parties During The Populist Period,* by Darcy G. Richardson (2007: iUniverse, Inc., New York). Wrote the book's Appendix, "Early Ballot Access Laws for New and Minor Parties."

*Democracy's Moment*
edited by Ronald Hayduk and Kevin Mattson (2002: Rowman & Littlefield, Lanham, Md.)

*The Encyclopedia of Third Parties in America*
edited by Immanuel Ness and James Ciment (2000: M.E. Sharpe, Inc., Armonk, N.Y.)

*Multiparty Politics in America*
edited by Paul S. Herrnson (1997: Rowman & Littlefield, Lanham, Md.)

*The New Populist Reader*
edited by Karl Trautman (1997: Praeger, Westport, Ct.)

Additional articles published in these periodicals:
*University of Arkansas Little Rock Law Review*
*Wall Street Journal*

1

    *American Review of Politics*
    *The Long Term View*
    *University of Mass. Law Review*
    *California Journal*
    *Election Law Journal* (two articles)
    *Cleveland State Law Review*
    *Chronicles Magazine*
    *Price Costco Connection*
    *Fordham Urban Law Journal*
    *Fordham Law Review* (December 2016)
    *The Hill*
    *Harvard Law Record*

    Also, I wrote "Election Law Decisions" in each issue of the newsletter of the American Political Science Association's Section on Representation and Electoral Systems, which appears twice a year, 2005-2010.

NATIONAL INTERVIEWS on Minor Parties, Independents, Ballots and Ballot Access
    *NBC*                                 *National Public Radio*
    *ABC*                                 *Pacifica Radio*
    *CNN*                                 *MSNBC*

CASES: TESTIMONY or AFFIDAVITS (political party or candidate prevailing, or case pending)
    **Alabama**: Hall v Bennett, U.S. Dist. Ct., m.d., 2:13cv-663, decision of Sep. 30, 2016. Court ruled that 3% petition for independent U.S. House candidates in special elections is too restrictive, given the short petitioning period for special elections. De La Fuente v Merrill, m.d., 2:16cv-755, pending. Presidential primaries and sore loser laws.
    **Alaska**: Libertarian Party v Coghill, state superior court, 3rd dist., 3AN-92-08181, 1992 Court issued injunction enjoining enforcement of petition deadline for minor parties.
    **Arizona:** Campbell v Hull, 73 F Supp 2d 1081 (1999). Az. Libt. Party v Hull, superior ct., Maricopa Co. 96-13996, 1996. Nader v Brewer, 531 F 3d 1028 (9th cir., 2008). Libertarian Party of Az. v. Reagan, 2:16cv-1019.
    **Arkansas**: Citizens to Establish a Reform Party v Priest, 970 F Supp 690 (E.D. Ark. 1996). Green Party of Ark. v Priest, 159 F.Supp.2d (E.D. Ark. 2001). Green Party of Ark. v Daniels, U.S. District Court, 448 F.Supp 2d 1056 (E.D.Ark. 2006). Moore v Martin, 854 F 3d 1021.
    **California:** California Democratic Party v Jones, 530 US 567 (2000). California Justice Committee v Bowen, 2012 WL 5057625 (C.D.Cal.). Independent Party of California v Padilla, pending in the 9th circuit, 16-15895. De La Fuente v Padilla, pending, c.d., 2:16cv-3242.
    **Colorado**: Ptak v Meyer, 94-N-2250, U.S. Dist. Ct., 1994. Court ordered Secretary of State to place Libertarian legislative candidate on ballot.
    **Florida**: Libt. Party of Fla. v Mortham, 4:96cv258-RH, U.S. Dist. Ct., N.D., 1996. Court ordered Secretary of State to place Libertarian vice-presidential candidate on ballot. Reform Party v Black, 885 So.2d 303 (Fla. 2004).
    **Georgia**: Bergland v Harris, 767 F 2d 1551 (11th cir., 1985). U.S. Court of Appeals. Remanded case back to U.S. District Court. Before U.S. District Court acted, legislature

substantially eased law, so case became moot. Green Party of Georgia v Kemp, 171 F Supp 3d 1340 (n.d. 2016).

**Hawaii**: Libt. Party of Hi. v Waihee, cv 86-439, U.S. Dist. Ct., 1986. Court ordered Lieutenant Governor to extend petition deadline for new parties.

**Illinois**: Nader v Ill. State Bd. of Elections, 00-cv-4401, U.S. Dist. Ct., N.D., 2000. Court ordered State Board of Elections to place candidate on ballot. Lee v Ill. State Bd. of Elections, 463 F.3d 763 (7th cir. 2006). Jones v McGuffage, 921 F Supp 2d 888 (N.D.. Il, 2013). Libertarian Party of Illinois v Illinois State Board of Elections, 164 F Supp 3d 1023 (n.d. 2016), affirmed by 7th circuit, 2017. Gill v Scholz, central dist., 3:16cv-3221. Case pending on 5% petition requirement for independent candidates for U.S. House. U.S. District Court put candidate on ballot, but 7th circuit stayed that action; case is pending in U.S. Dist Ct.

**Iowa**: Oviatt v Baxter, 4:92-10513, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put Grassroots Party candidate for Congress on ballot.

**Kansas**: Merritt v Graves, 87-4264-R, U.S. Dist. Ct., 1988. State did not defend three election laws and signed consent decree on independent petition deadline, requirement that independent petitions not be circulated outside of circulator's home precinct, and requirement that voters could only register in qualified parties. This case should not be confused with another by the same name decided in December, 1988.

**Kentucky**: Libt. Pty. of Ky. v Ehrler, 776 F Supp 1200 (E.D. 1991). Libertarian Party of Kentucky v Grimes, e.d., 3:15cv-86. Whether definition of "political party" can be solely a function of party's presidential vote. Cert petition pending in U.S. Supreme Court.

**Maine**: Libertarian Party of Me v Dunlap, 2:16cv-2.

**Maryland**: Dixon v Md. State Adm. Bd. of Elec. Laws, 878 F 2d 776 (1989, 4th cir.); Green Party v Bd. of Elections, 832 A 2d 214 (Md. 2003).

**Montana**: Kelly v Johnson, U.S. Dist. Ct. 08-25 (2012). Breck v Stapleton, pending, U.S. Dist. Ct., 9:17cv-36.

**Nevada**: Libt Pty. of Nev. v Swackhamer, 638 F Supp 565 (1986); Fulani v Lau, cv-N-92-535, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put various minor parties on ballot.

**New Jersey**: Council of Alternative Political Parties v Hooks, 999 F Supp 607 (1998); Council of Alternative Political Parties v State Div. of Elections, 781 A 2d 1041 (N.J.Super. A.D. 2001).

**New York**: Molinari v Powers, 82 F Supp 57 (E.D.N.Y. 2000). Schulz w Williams, 44 F 3d 48 (2nd cir., 1994). Green Party of N.Y. v N.Y. State Bd. of Elections, 389 F.3d 411 (2nd cir., 2004).

**North Carolina**: Obie v N.C. Bd. of Elections, 762 F Supp 119 (E.D. 1991). DeLaney v Bartlett, 370 F.Supp.2d 373 (M.D. 2004).

**Ohio**: Libertarian Party of Ohio v Blackwell, 462 F.3d 579 (6th cir. 2006). Libertarian Party of Ohio v Husted, U.S. Dist. Ct., middle district, 2:13cv-935 (2014). Libertarian Party of Ohio v Ohio Secretary of State, state appeals court, 10th dist., 16APE-07-496. State ex rel Fockler v Husted, State Supreme Court, 2016-1863, rehearing request pending.

**Oklahoma**: Atherton v Ward, 22 F Supp 2d 1265 (W.D. Ok. 1998). De La Fuente v Ziriax, pending in 10th circuit, 17-6010. Number of signatures for an independent presidential candidate.

**Pennsylvania**: Patriot Party of Pa. v Mitchell, 826 F Supp 926 (E.D. 1993).

**South Dakota**: Nader v Hazeltine, 110 F Supp 2d 1201 (2000). Libertarian Party of South Dakota v Krebs, won February 23, 2018, 4:15cv-4111.

**Tennessee**:  Libt Party v Thompson, U.S. Dist. Ct., 793 F Supp 1064 (M.D. 2010).  Green Party of Tennessee v Hargett, 882 F Supp 2d 959 (M.D..Tn. 2012), pending in 6th circuit, 13-5975.

**Texas**:  Pilcher v Rains, 853 F 2d 334 (5th cir., 1988).  Kennedy v Secretary of State of Texas, w.d., 1:16cv-1047, pending.  Sore loser law for presidential candidates; early petition deadline for independent presidential candidates.

**Virginia**:  Libt. Pty of Va. v Quinn, 3:01-cv-468, U.S. Dist. Ct., E.D. (2001).  Court ordered State Board of Elections to print "Libertarian" party label on ballot next to name of Libertarian candidates.

**West Virginia**:  State ex rel Browne v Hechler, 476 SE 2d 559 (Supreme Court 1996). Nader v Hechler, 112 F.Supp.2d 575 (S.D.W.V., 2000). McClure v Manchin, 301 F Supp 2d 564 (2003).

CASES:  TESTIMONY or AFFIDAVITS (political party or candidate not prevailing)

**Alabama**:  Swanson v Bennett, 490 F.3d 894 (11th cit. 2007).

**Arizona**:  Indp. Amer. Party v Hull, civ 96-1240, U.S. Dist. Ct., 1996; Browne v Bayless, 46 P 3d 416 (2002).

**Arkansas** (2 cases):  Langguth v McKuen, LR-C-92-466, U.S. Dist. Ct., E.D., 1992. Christian Populist Party v Sec. of State, 650 F Supp 1205 (E.D. 1987).

**California**:  Socialist Workers Party v Eu, 591 F 2d 1252 (9th cir., 1978).

**Florida**:  Fulani v Smith, 92-4629, Leon Co. Circuit Court, 1992; Libertarian Party of Fla. v State of Fla., 710 F 2d 790 (11th cir., 1983).

**Georgia**:  Libertarian Party of Ga. v Cleland, 1:94-cv-1503-CC, U.S. Dist. Ct., N.D. (1994); Esco v Secretary of State, E-53493, Fulton Co. Superior Court, 1998.

**Idaho**:  Nader v Cenarrusa, cv 00-503, U.S. Dist. Ct., 2000.

**Illinois**:  Libt Party v Rednour, 108 F 3d 768 (7th cir., 1997).

**Kansas**:  Hagelin for President Committee v Graves, 804 F Supp 1377 (1992).

**Maine**:  Maine Green Party v Diamond, 95-318, U.S. Dist. Ct., 1995; Maine Green Party v Secretary of State, 96-cv-261, U.S. Dist. Ct., 1996.

**Maryland**:  Ahmad v Raynor, R-88-869, U.S. Dist. Ct., 1988; Creager v State   Adm. Bd. of Election Laws, AW-96-2612, U.S. Dist. Ct., 1996.

**Missouri**:  Manifold v Blunt, 863 F 2d 1368 (8th cir. 1988).

**New Hampshire**:  Werme v Gov. of N.H., 84 F 3d 479 (1st cir., 1996).

**North Carolina**:  Nader v Bartlett, 00-2040, 4th cir., 2000.

**North Dakota**:  Libertarian Party of N.D. v Jaeger, 659 F 3d 689 (2011).

**Ohio**:  Schrader v Blackwell, 241 F 2d 783 (6th cir., 2001).

**Oklahoma**:  Rainbow Coalition v Okla. State Elec. Bd., 844 F 2d 740 (1988). Nader v Ward, 00-1340, U.S. Dist. Ct., 1996. Clingman v Beaver, 544 U.S.581.

**Oregon**:  Libt Party v Roberts, 737 P 2d 137 (Ore. Ct. of Appeals, 1987).

**Texas**:  Texas Indp. Party v Kirk, 84 F 3d 178 (5th cir., 1996). Nat. Comm. of U.S. Taxpayers Party v Garza, 924 F Supp 71 (W.D. 1996).

**Virginia**:  Wood v Meadows, 207 F 3d 708 (4th cir., 2000).

**Washington**:  Washington State Republican Party v Washington State Grange, 876 F.3d 794 (2012).

**West Virginia**:  Fishbeck v Hechler, 85 F 3d 162 (4th cir., 1996).

**Wyoming**:  Spiegel v State of Wyoming, 96-cv-1028, U.S. Dist. Ct., 1996.

QUALIFIED EXPERT WITNESS
    **Fishbeck v Hechler**, 85 F 3d 162 (4th cir. 1996, West Virginia case)
    **Council of Alternative Political Parties v Hooks**, 999 F Supp 607 (1998, N.J.)
    **Citizens to Establish Reform Party v Priest**, 970 F Supp 690 (E.D. Ark, 1996)
    **Atherton v Ward**, 22 F Supp 2d 1265 (W.D.Ok. 1998)
    **Calif. Democratic Party v Jones**, 530 US 567 (2000)
    **Swanson v Bennett**, not reported, U.S. Dist. Ct., m.d.Ala. (02-T-644-N)
    **Clingman v Beaver,** 544 U.S. 581.
    **Green Pty v N.Y. Bd. Elec.**, 267 F Supp 2d 342 (EDNY 2003), 389 F.3d 411 (2nd 2004)
    **Lawrence v Blackwell**, 430 F.3d 368 (6th cir. 2005)

In all cases in which I was presented as an expert, the opposition accepted that designation, except in the Green Party of New York case, the Green Party of Georgia case, and the Alabama Hall case. The U.S. District Court in all three states ruled that I qualify as an expert. For the New York case, see headnote #1 at page 342, and footnote nine on page 350. The 2nd circuit agreed, 389 F.3d 411 (2004), at 421.

SPEAKING ENGAGEMENTS:  Colleges and Scholarly Meetings
    Panel of New York City Bar Association, 1994.  Ballot access.
    Amer. Political Science Assn., nat. conventions of August 1995 and August 1996.  Papers.
    Capital University School, law school class, Columbus, Ohio, 1996.  Guest lecturer.
    Cal. State U., course in political science, Hayward, 1993 and 1996.  Guest lecturer.
    San Francisco City College, course in political science, 1996 and 1997.  Guest     lecturer.
    Providence College, R.I., Oct. 1997, seminar on ballot access.
    Harvard U., JFK School of Gov't, Oct. 18, 1995, guest lecturer, ballot access.
    Voting Integrity Project national conference, Apr. 1, 2000, speaker on ballot access.
    Center for Voting & Democracy nat. conference, Nov. 30, 2003, speaker on ballot access.
    Robert Dole Institute of Politics, U. of Kansas, one of 5 panel members, Oct. 25, 2007.