UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAVELINE, WILLARD H. JOHNSON, MICHAEL LEIBSON, and KELLIE K. DEMING, | No. 2:18-cv-12354 |
| Plaintiffs, | HON. VICTORIA A. ROBERTS |
| | MAG. DAVID R. GRAND |
| v | **DEFENDANTS RUTH JOHNSON'S AND SALLY WILLIAMS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT AND AFFIRMATIVE DEFENSES** |
| RUTH JOHNSON, Secretary of State of Michigan, SALLY WILLIAMS, Director of Michigan Bureau of Elections, in their official capacities, | |
| Defendants. | |

William P. Tedards, Jr.
Attorney for Plaintiffs
1101 30th Street, NW, Suite 500
Washington, DC  20007
202.797.9135

Denise C. Barton (P41535)
Assistant Attorney General
Attorney for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.373.6434

_____/

**DEFENDANTS RUTH JOHNSON'S AND SALLY WILLIAMS' ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT, AND AFFIRMATIVE DEFENSES**

NOW COMES Defendants Ruth Johnson and Sally Williams, by counsel, and pursuant to Fed. R. Civ. P. 8(b), answer Plaintiff's Original Complaint (R. 1, Page ID ## 1-57), by like-numbered paragraphs, as follows:

### Nature of Action

The allegations of the first three, unnumbered, paragraphs of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

### Parties

1. Defendants admit that Plaintiff Graveline filed a Statement of Organization declaring his candidacy for Michigan Attorney General for the 2018 election. Defendants admit that Plaintiff Graveline is seeking to be a candidate without political party affiliation for Michigan Attorney General.

2. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 2 of the complaint and, therefore, those allegations shall be taken as denied and Plaintiffs are left to their proofs.

3. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 3 of the complaint and, therefore, those allegations shall be taken as denied and Plaintiffs are left to their proofs.

4. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 4 of the complaint and, therefore, those allegations shall be taken as denied and Plaintiffs are left to their proofs.

5. Defendant Johnson admits the allegations in paragraph 5 of the complaint.

6. Defendant Williams admits the allegations in paragraph 6 of the complaint.

## Jurisdiction and Venue

7. Defendants admit that they are state officials who maintain offices throughout the State of Michigan and that they are

residents of Michigan. The remaining allegation contains a conclusion of law to which no response is required.

8. This paragraph contains conclusions of law to which no response is required.

9. The allegations of paragraph 9 of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

## Factual Background

10. Defendants admit the allegations in paragraph 10 of the complaint.

11. This paragraph contains allegations about Michigan statutes to which no response is required because they speak for themselves.

12. This paragraph contains allegations about Michigan statutes to which no response is required because they speak for themselves.

13. This paragraph contains references to Michigan statutory requirements which speak for themselves. Defendants are without sufficient knowledge or information to either admit or deny the

remaining allegations in paragraph 13 of the complaint and, therefore, those allegations shall be taken as denied and Plaintiffs are left to their proofs.

14. This paragraph contains allegations about Michigan statutes to which no response is required because they speak for themselves.

**Sections 168.544f, 168.590b(4), and 168.590c(2) as Applied to Plaintiffs**

15. Defendants admit the allegations in paragraph 15 of the complaint.

16. Defendants deny as untrue the allegation in paragraph 16 of the complaint that Michigan's 30,000 signature requirement functions as an absolute bar to exclude candidates without political party affiliation for statewide office. Defendants neither admit nor deny for lack of sufficient information or knowledge how many, if any, candidates have diligently attempted to gather the requisite signatures. This paragraph contains allegations about Michigan statutes to which no response is required. Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 16 of the complaint

and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

17. Defendants admit the allegation in paragraph 17 of the complaint that a candidate must collect 100 signatures for at least half of the Congressional districts. The remaining allegations of paragraph 17 of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

18. Defendants admit the allegation in paragraph 18 of the complaint that the deadline for a candidate who is unaffiliated with a party to file his valid signatures is 110 days before the general election and 50 days before the major parties are required to hold their conventions. Further, Defendants admit the allegations in paragraph 18 of the complaint of when the Republican, Libertarian, and Democratic parties held their state conventions. The remaining allegations of paragraph 18 of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed

necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

19. Defendants deny as untrue.

20. Defendants deny as untrue the allegations contained in paragraph 20 of the complaint. All Republican and Democratic party candidates for Attorney General filed their Committee Statements of Organization by October 17, 2017. By way of further answer, Defendants neither admit nor deny the remaining allegations because they recite case law and contain legal conclusions which require no response.

21. The allegations of paragraph 21 of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

**Plaintiff Graveline's Effort to Comply with the Requirements Imposed by Sections 168.544f, 168.590b(4), and 168.590c(2)**

22. Defendants admit that Plaintiff Graveline filed his statement of Organization on June 4, 2018. Defendants are without sufficient

knowledge or information to either admit or deny the remaining allegations contained in paragraph 22 of the complaint and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

23. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 23 of the complaint and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

24. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 24 of the complaint and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

25. Defendants admit the allegations in paragraph 25 of the complaint to the extent that Plaintiff Graveline attempted to submit an incomplete filing with the Bureau of Elections and that this filing was rejected on July 19, 2018. Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph 25 of the complaint

and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

## Injury to Plaintiffs

26. The allegations of paragraph 26 of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

27. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 27 of the complaint and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

28. The allegations of paragraph 28 of the complaint contain conclusions of law, not averments of fact and, therefore, no response is required. To the extent a response may be deemed necessary, the allegations are denied as untrue and Plaintiffs are left to their proofs.

29. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 29 of

the complaint and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

30. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 30 of the complaint and, therefore, the allegations shall be taken as denied and Plaintiffs are left to their proofs.

31. Defendants deny the allegations contained in paragraph 31 of the complaint.

32. Defendants deny the allegations contained in paragraph 32 of the complaint.

## Count I

33. Plaintiffs have abandoned their facial challenge. If their facial challenge is deemed not abandoned, Defendants acknowledge that Plaintiffs are incorporating preceding paragraphs 1-32.

34. Plaintiffs have abandoned their facial challenge. If their facial challenge is deemed not abandoned, Defendants deny the allegations contained in paragraph 34 of the complaint.

35. Plaintiffs have abandoned their facial challenge. If their facial challenge is deemed not abandoned, Defendants deny the allegations contained in paragraph 35 of the complaint.

36. Plaintiffs have abandoned their facial challenge. If their facial challenge is deemed not abandoned, Defendants deny the allegations contained in paragraph 36 of the complaint.

## Count II

37. Defendants acknowledge that Plaintiffs are incorporating preceding paragraphs 1-36.

38. Defendants deny as untrue the allegations contained in paragraph 38 of the complaint.

39. Defendants deny as untrue the allegations contained in paragraph 39 of the complaint.

40. Defendants deny as untrue the allegations contained in paragraph 40 of the complaint.

## Count III

41. Defendants acknowledge that Plaintiffs are incorporating preceding paragraphs 1-40.

42. Defendants deny as untrue the allegations contained in paragraph 42 of the complaint.

43. Defendants deny as untrue the allegations contained in paragraph 43 of the complaint.

44. Defendants deny as untrue the allegations contained in paragraph 44 of the complaint. By way of further answer, Defendants state that Plaintiff has abandoned his factual challenge.

## AFFIRMATIVE DEFENSES

Defendants, by counsel, pursuant to Fed. R. Civ. P. 8(c), assert the following affirmative defenses, upon which they may rely:

1. Plaintiff's claims are barred due to lack of standing.
2. Plaintiff's claims may be barred by the Eleventh Amendment.
3. Plaintiff's claims may be barred by mootness.
4. Defendants reserve the right to raise any additional affirmative defenses that Defendants may have following the completion of discovery herein.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint, with prejudice, and award Defendants their costs and attorney fees associated with defending this matter.

Respectfully submitted,

*/s/ Denise C. Barton*
Denise C. Barton (P41535)
Assistant Attorney General
Attorney for Defendants
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  bartond@michigan.gov
P41535

Dated:  September 12, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/c/ Denise C. Barton*
Denise C. Barton (P41535)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  bartond@michigan.gov
P41535
