# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

| | |
|---|---|
| CHRISTOPHER GRAVELINE, WILLARD H. JOHNSON, MICHAEL LEIBSON, and KELLIE K. DEMING,<br><br>Plaintiffs,<br>v.<br><br>RUTH JOHNSON, Secretary of State of Michigan, and SALLY WILLIAMS, Director of Michigan Bureau of Elections, in their official capacities,<br><br>Defendants. | Case No. 2:18-cv-12354-VAR-DRG<br><br>**Judge Victoria A. Roberts**<br>**Magistrate Judge David R. Grand** |

## PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs Christopher Graveline, Willard Johnson, Michael Leibson and Kellie Deming ("Plaintiffs") respectfully move to strike the new evidence and arguments that Defendants Ruth Johnson and Sally Williams ("Defendants") presented for the first time in Defendants' Reply in Support of Their Motion for Summary Judgment (ECF No. 34), or in the alternative, Plaintiffs respectfully move for leave to file a Surreply, for the limited purpose of responding to Defendants' new evidence and arguments. Plaintiffs' proposed Surreply is submitted herewith.

DATED:  September 25, 2019                    Respectfully submitted,

/s/ William P. Tedards, Jr.
OLIVER B. HALL                                WILLIAM P. TEDARDS, JR.*
CENTER FOR COMPETITIVE DEMOCRACY              *Counsel of Record
P.O. Box 21090                                1101 30th Street, NW, Suite 500
Washington, D.C. 20009                        Washington, DC 20007
(202) 248-9294                                202-797-9135
oliverhall@competitivedemocracy.org           BT@tedards.net
(DC 976463) (MI)                              (DC 143636) (MI)

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

| | |
|---|---|
| CHRISTOPHER GRAVELINE, WILLARD H. JOHNSON, MICHAEL LEIBSON, and KELLIE K. DEMING, | Case No. 2:18-cv-12354-VAR-DRG |
| Plaintiffs, | Judge Victoria A. Roberts |
| v. | Magistrate Judge David R. Grand |
| RUTH JOHNSON, Secretary of State of Michigan, and SALLY WILLIAMS, Director of Michigan Bureau of Elections, in their official capacities, | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiffs respectfully request that the Court strike the new evidence and arguments that Defendants first raised in Defendants' Reply in Support of Their Motion for Summary Judgment ("Defs. Rep.") (ECF. No. 34), or in the alternative, grant Plaintiffs leave to file their Surreply.

## ARGUMENT

"[I]t is well-settled that a party may not raise new issues for the first time in a reply brief; he can only respond to arguments raised for the first time in the respondent's response brief." *Resolution Trust Corp. v. Townsend Associates*, 840 F. Supp. 1127, 1142 n.15 (E.D. Mich. 1993) (citations omitted). Accordingly, when a party improperly raises an argument for the first time in a reply brief, this Court will not consider it, because the opposing party "has not been afforded the opportunity to respond." *Rainey v. Wayne State University*, 26 F. Supp. 2d 963, 969 (E.D. Mich. 1998). Further, "as a matter of litigation fairness and procedure," the Sixth Circuit Court of Appeals has consistently held that issues and arguments first raised in a reply brief must be treated as waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citation omitted).

In violation of this well-settled precedent, Defendants have filed a reply brief to which they attached more than 80 pages of "records" as evidentiary exhibits. (Defs. Rep., Exhibits A-C (ECF Nos. 34-2, 34-3, 34-4).) Defendants also argue at

length that such records "show" that the challenged provisions do not operate to exclude statewide independent candidates from Michigan's general election ballot. (Defs. Rep. at 3-5 (ECF No. 34).)  Defendants' attempt to introduce such new evidence in a reply brief, and to make new arguments based on it, is improper.  *See 51382 Gratiot Ave. Holdings v. Chesterfield Dev. Co.*, 835 F. Supp. 2d 384, 403 n.6 (E.D. Mich. 2011) (declining to consider argument because party "did not present the factual basis to support [it] until their reply brief"); *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.*, 436 F.3d 662, 675 n.3 (6th Cir. 2006) (Griffin, J., concurring) (a district court properly declines to consider an issue raised for the first time in a reply brief) (citing *Sundberg v. Keller Ladder,* 189 F.Supp.2d 671, 682-83 (E.D. Mich. 2002) (observing, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time") (citation omitted)).

  Based on the foregoing, the Court should strike the new evidence that Defendants submitted as Exhibits A-C to their reply brief, (ECF Nos. 34-2, 34-3, 34-4), and it should strike the new arguments that Defendants make in reliance on that evidence.  (Defs. Rep. at 3-5 (ECF No. 34).)  In the event that the Court deems it proper to consider such new evidence and arguments, Plaintiffs respectfully request leave to file the Surreply submitted herewith.

## CONCLUSION

For the foregoing reasons, the Court should strike the new evidence and arguments that Defendants first raised in their reply brief, or in the alternative, the Court should grant Plaintiffs leave to file their Surreply.

DATED:  September 25, 2019                         Respectfully submitted,

                                                                   */s/ William P. Tedards, Jr.*
OLIVER B. HALL                                         WILLIAM P. TEDARDS, JR.*
CENTER FOR COMPETITIVE DEMOCRACY   *Counsel of Record
P.O. Box 21090                                              1101 30th Street, NW, Suite 500
Washington, D.C. 20009                              Washington, DC 20007
(202) 248-9294                                             202-797-9135
oliverhall@competitivedemocracy.org    BT@tedards.net
(DC 976463) (MI)                                         (DC 143636) (MI)

                                                                   *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, thereby serving all counsel of record.


                                                                    /s/Oliver B. Hall
                                                                    Oliver B. Hall

3

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DISTRICT

| | |
|---|---|
| CHRISTOPHER GRAVELINE, WILLARD H. JOHNSON, MICHAEL LEIBSON, and KELLIE K. DEMING, | **Case No. 2:18-cv-12354-VAR-DRG** |
| Plaintiffs, | **Judge Victoria A. Roberts** |
| v. | **Magistrate Judge David R. Grand** |
| RUTH JOHNSON, Secretary of State of Michigan, and SALLY WILLIAMS, Director of Michigan Bureau of Elections, in their official capacities, | |
| Defendants. | |

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiffs Christopher Graveline, Willard Johnson, Michael Leibson and Kellie Deming ("Plaintiffs") respectfully submit this Surreply to respond to the new evidence and arguments that Defendants Ruth Johnson and Sally Williams ("Defendants") presented for the first time in Defendants' Reply in Support of Their Motion for Summary Judgment ("Defs. Rep.") (ECF No. 34).

## ARGUMENT

For the first time in their reply brief, Defendants have submitted more than 80 pages of records consisting of "statements of organization" that candidates must file under Michigan law after they receive a contribution or make an expenditure. (Defs. Rep. at 3-5, Exhibits A-C.) According to Defendants, such records "show" that the statutory provisions challenged in this case do not operate to bar statewide independent candidates from Michigan's general election ballot, and that the total exclusion of such candidates in the 30 years since the provisions were enacted merely reflects "a general lack of interest in independent candidacies" in Michigan. (Defs. Rep. at 5.) Defendants are incorrect for three reasons.

*First*, Defendants' records are incomplete. Defendants did not produce any records showing the number of independent candidates who attempted to run for U.S. Senate in Michigan. Additionally, the subset of records that Defendants submitted only date back to 1997, even though the challenged provisions took effect

2

in 1988.[1]  As a result of these omissions, Defendants undercount the number of statewide independent candidates who have tried unsuccessfully to comply with the challenged provisions.

*Second*, even if Defendants had submitted a complete set of records for all statewide independent candidates who formed campaign committees in all relevant election cycles, that evidence would not support Defendants' assertion that the total exclusion of such candidates from Michigan's general election ballot for the 30 years since the challenged provisions were enacted reflects a "general lack of interest" in independent candidacies.  The mere existence of onerous ballot access requirements can deter candidates from attempting to comply with them. *See, e.g., Constitution Party of Pennsylvania v. Aichele*, 757 F. 3d 347, 353-56, 364-65 (3rd Cir. 2014) (state's onerous statutory scheme caused candidates to decline to submit their required nomination petitions); *see also New Mexicans for Bill Richardson v. Gonzales*, 64 F. 3d 1495, 1500 (10th Cir. 1995) (the "mere existence" of state's statute deterred candidate from fundraising in his preferred manner).  That is why the Supreme Court has never demanded evidence of how many candidates have tried

---

[1] Michigan amended its signature requirement for statewide independent candidates in 1999, by changing it from 1 percent of the total vote for governor in the preceding election, *see* M.C.L. § 168.590b, to the current requirement of 30,000 signatures, *see* 1999 P.A. 218 (Mich.) (enacting M.C.L. § 168.544f), but this change was not substantial and in any event, no statewide independent candidate has complied with Michigan's ballot access requirements since Michigan enacted them in 1988.

but failed to comply with a challenged ballot access requirement: instead, the relevant inquiry is only whether candidates "have qualified with some regularity" or not. *Storer v. Brown*, 415 U.S. 724, 742 (1974). Here, the evidence supports the conclusion that independent candidates – and especially non-wealthy independent candidates – do not try to run for statewide office in Michigan because they have no realistic expectation of complying with the challenged provisions.

*Third*, by Defendants' own admission, the incomplete subset of evidence they submitted shows that at least 30 independent candidates have demonstrated interest and taken initial steps to run for statewide office in Michigan in the last 22 years, but not one was able to comply with the challenged provisions. (Defs. Rep. at 4-5.) Such evidence supports Plaintiffs' case, not Defendants'. It supports the conclusion that reasonably diligent candidates will "only rarely" – if ever – comply with the challenged provisions. *Storer*, 415 U.S. at 742.

## CONCLUSION

For the foregoing reasons, and those stated in Plaintiffs' Motion for Summary Judgment and Reply thereto, the Court should grant Plaintiffs' motion and enter an order awarding Plaintiffs summary judgment as to Count II and Count III, as well as the requested permanent injunction, and denying Defendants' motion.

5

DATED: September 25, 2019  Respectfully submitted,

                                                                */s/ William P. Tedards, Jr.*

OLIVER B. HALL                        WILLIAM P. TEDARDS, JR.*
Center for Competitive Democracy    *Counsel of Record
P.O. Box 21090                           1101 30th Street, NW, Suite 500
Washington, D.C. 20009               Washington, DC 20007
(202) 248-9294                           202-797-9135
oliverhall@competitivedemocracy.org   BT@tedards.net
(DC 976463) (MI)                      (DC 143636) (MI)

                                                                *Attorneys for Plaintiffs*