UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRAVELINE, WILLARD H. JOHNSON, MICHAEL LEIBSON, and KELLIE K. DEMING, | No. 2:18-cv-12354 |
| | HON. VICTORIA A. ROBERTS |
| Plaintiffs, | MAG. DAVID R. GRAND |
| v | |
| RUTH JOHNSON, Secretary of State of Michigan, JONATHAN BRATER, Director of Michigan Bureau of Elections, in their official capacities, | |
| Defendants. | |

William P. Tedards, Jr.
Attorney for Plaintiffs
1101 30th Street, NW, Suite 500
Washington, DC  20007
202.797.9135

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan  48909
517.335.7659
_____/

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO ALTER OR AMEND THE COURT'S FINDINGS**

1

# ARGUMENT

I. **Because Plaintiffs agree that the Court's order should not restrain the State Legislature from drafting a replacement statute, it is appropriate to clarify the order to conform to a position that all parties share.**

Plaintiffs' response is curious in that it agrees with Defendants that the Court's creation of the 12,000-signature threshold was temporary and not a limit on the Michigan Legislature's ability to pass a statutory replacement. Plaintiffs also expressly disclaim any intent in seeking contempt sanctions if the Legislature enacted a new requirement greater than 12,000 signatures. It is not clear why Plaintiffs refused to stipulate to a simple statement to that effect. Defendants' motion did not seek "prior approval" of any particular enactment—merely a statement clearly providing that the Court's order should not be interpreted to limit the Legislature's consideration of any and all replacement measures.

II. **Because the issues involving the statutory maximum number of signatures only came into being as a result of the Court's remedy, they could not have been raised before the order was entered.**

Plaintiffs' argue in their response that the issue of the maximum number of signatures was not raised earlier in the litigation, and so it is improperly raised in a post-judgment motion. But the maximum

2

threshold only became an issue in light of the Court's injunction. As the Court observed in its opinion and order, Defendants had originally asked for the Court to refrain from imposing a new signature requirement if it found the 30,000 to be unconstitutional. (R. 42, Opinion & Order, PageID.909.) Defendants had no way of knowing that the Court would include a new signature requirement as part of its order, or that it would not include any coordinate change to the maximum. As a result, there was no basis to raise this issue before the Court issued the order, and the Defendants raised the matter at the earliest possible moment.

Plaintiffs otherwise offer no discussion or argument suggesting that they—or anyone else—will be prejudiced by altering the Court's order to provide an appropriate maximum signature threshold. There is no argument *against* making the modification. In contrast, the unmodified order imposes a considerable burden on Defendants in having to canvass and review a now-disproportionate number of signatures, and further creates an unintended advantage for independent candidates through being able to supply signatures so far in excess of the minimum. The important state interest of fairly

3

administering elections will be best served by making a minor alteration to the Court's Order that will provide a maximum signature limit of 24,000, consistent with the new 12,000-signature requirement applied to independent candidates for statewide office.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, and the reasons stated in the earlier brief, Defendants Jocelyn Benson and Director of Elections Jonathan Brater respectfully request that this Honorable Court amend its findings consistent with the arguments above, together with any other relief the Court determines to be appropriate under the circumstances.

Respectfully submitted,

*s/Erik A. Grill*
Erik A. Grill (P64713)
Heather S. Meingast (P55439)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: grille@michigan.gov
P64713

Dated: February 4, 2020

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Erik A. Grill*
Erik A. Grill (P64713)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: grille@michigan.gov
P64713
