UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GRAVELINE, et al.,

    Plaintiffs,

v.

Case No. 18-12354
Honorable Victoria A. Roberts

JOCELYN BENSON, in her official
capacity as Michigan Secretary
of State, et al.,

    Defendants.

_____/

# ORDER DENYING DEFENDANTS' MOTION TO ALTER OR AMEND THE COURT'S FINDINGS [ECF No. 45]

Plaintiffs brought this case challenging Michigan's ballot access requirements for independent candidates for statewide office – Mich. Comp. Laws §§ 168.590c(2), 168.544f, and 168.590b(4).

On December 22, 2019, the Court issued an order: (1) granting Plaintiffs' motion for summary judgment; (2) declaring Mich. Comp. Laws §§ 168.590c(2), 168.544f, and 168.590b(b) unconstitutional as applied in combination against independent candidates for statewide office; and (3) permanently enjoining the enforcement of those provisions as applied in

combination against independent candidates for statewide office. The order also stated:

> [T]he responsibility to craft a new ballot access scheme for independent candidates for statewide office ultimately lies with the Michigan Legislature. And, it is free to do so at any juncture.
>
> However, because 2020 is an election year and upon us, the Court feels compelled to make sure a procedure is in place now for independent candidates for statewide office to access the ballot. This will protect not only the rights of prospective independent candidates and those who wish to vote for them, but also the State itself and its citizens and voters. Indeed, having some ballot access requirements for independent statewide candidates – even if temporary – is better than the alternative of none.
>
> As a Court of equity, it is within this Court's powers to fashion a remedy. *See Green Party of Georgia*, 171 F. Supp. 3d at 1372. Although the focus of this challenge concerned the combined effect of the filing deadline and the signature requirement, the Court finds that "the best way to address [the statutory scheme's] infirmity is by a reduction in the number of signatures required." *Id.* at 1373.
>
> Accordingly, as an interim measure, the Court **ORDERS**:
>
>> 1. An independent candidate for statewide office may qualify for the ballot by submitting a qualifying petition pursuant to the same scheme challenged by Plaintiffs, except that the petition must be signed by 12,000 qualified and registered electors instead of 30,000. The same filing deadline applies, as does the geographic distribution requirement.
>>
>> 2. This interim requirement **EXPIRES** when the Michigan Legislature enacts a

permanent measure replacing the invalidated scheme for independent candidates for statewide office.

[ECF No. 42, PageID.909-10].

On January 21, 2020, Defendants Michigan Secretary of State and the Director of Michigan's Bureau of Elections ("Defendants") filed a Motion to Alter or Amend the Court's Findings pursuant to Fed. R. Civ. P. 52(b).

Defendants say the Court's order is unclear on whether the 12,000-signature figure included in the remedy is intended to act as a ceiling for any future legislation. And, they say the Court's findings do not provide what the maximum number of allowed signatures under M.C.L. § 168.544f should be in light of the 12,000-signature remedy.

Defendants ask the Court to: (1) amend its findings to clarify whether the Legislature is barred from passing a statutory signature limit in excess of 12,000; and (2) supplement its findings to establish the maximum number of signatures that may submitted in contrast to the 12,000-signature minimum under the Court's order.

Under Rule 52(b), a "court may amend its findings – or make additional findings – and may amend [a] judgment accordingly." Fed. R. Civ. P. 52(b). The purpose of Rule 52(b) is to "permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by

the trial court." *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial*, Inc., 899 F.2d 119, 123 (1st Cir. 1990). "Rule 52(b) may not be used by the parties simply to relitigate issues already decided or matters that could have been raised earlier." *Dow Chem. Co. & Subsidiaries v. United States*, 278 F. Supp. 2d 844, 847 (E.D. Mich. 2003), *rev'd in part sub nom. on other grounds*, *Dow Chem. Co. v. United States*, 435 F.3d 594 (6th Cir. 2006).

For relief under Rule 52(b), the movant must establish a clear error of law, present newly discovered evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Trustees of Detroit Carpenters Fringe Benefit Funds v. Andrus Acoustical, Inc.*, No. 11-CV-14656, 2018 WL 1980656, at *3 (E.D. Mich. Apr. 27, 2018) ("Under Rule 52(b), the moving party has the burden of showing that 'a manifest error in the court's findings of fact or conclusions of law' has been made." (citation omitted)).

Defendants fail to satisfy their burden to show a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice.

4

With respect to Defendants' first request – i.e., clarify whether the Legislature is barred from passing a statutory signature limit in excess of 12,000 – the Court did not intend to tell the Michigan Legislature what future changes to the ballot access framework would or would not pass constitutional scrutiny. The Court was presented with a discrete issue regarding the current ballot access laws for independent candidates for statewide office.

It is the role of the Legislature to replace the ballot scheme which the Court found unconstitutional. It would be inappropriate for the Court to provide advice regarding proposed or speculative legislation. *See Younger v. Harris*, 401 U.S. 37, 52-53 (1971) ("[T]he task of analyzing a proposed statute, pinpointing its deficiencies, and requiring correction of these deficiencies before the statute is put into effect, is rarely if ever an appropriate task for the judiciary. . . . [I]t can seldom be appropriate for . . . courts to exercise any such power of prior approval or veto over the legislative process."). The Court declines to comment on whether proposed laws would be constitutional.

The Court will not grant Defendants' second request, either. Defendants are correct that the Court did not establish the maximum number of signatures that may submitted by an independent candidate for

statewide office.  The reason the Court did not address this issue is because neither party raised it during the litigation.  Because the issue was never raised before the Court entered judgment, Defendants' attempt to raise it in their post-judgment motion is improper.  *See Dow Chem. Co. & Subsidiaries*, 278 F. Supp. 2d at 847.

Defendants' Motion to Alter or Amend the Court's Findings [ECF No. 45] is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  March 19, 2020