UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GRAVELINE, et al.,

    Plaintiffs,

v.                                Case No. 18-12354
                                  Honorable Victoria A. Roberts

JOCELYN BENSON, in her official
capacity as Michigan Secretary
of State, et al.,

    Defendants.
_____/

**ORDER GRANTING MICHIGAN ATTORNEY**
**GENERAL'S MOTION TO INTERVENE [ECF No. 46]**

**I.  INTRODUCTION**

The State of Michigan Attorney General Dana Nessel filed this motion after the Court found three Michigan statutes unconstitutional as applied to independent candidates running for statewide office. The motion is fully briefed.

The original defendants – the Michigan Secretary of State and the Director of the Michigan Bureau of Elections, in their official capacities – have chosen to file a limited appeal concerning only the remedy granted by this Court. This limited appeal is distinct from a full appeal on the merits; it does not appeal the Court's decision on the constitutionality of the statutes.

Ms. Nessel says that as the chief law enforcement officer for the state, her intervention is necessary to protect the interests of the people of the State of Michigan.

The Court agrees and **GRANTS** the motion to intervene.

## II.   BACKGROUND

Plaintiffs challenged the constitutionality of: (1) the 30,000 minimum signature requirement that candidates without political party affiliation must obtain, Mich. Comp. Laws § 168.544f; (2) the requirement that the signatures include at least 100 registered voters in each of at least 1/2 of the congressional districts in the state, § 168.590b(4); and (3) the filing deadline for filing qualifying petitions, Mich. Comp. Laws § 168.590c(2).

The Court granted a preliminary injunction that allowed Mr. Graveline to appear on the November 2018 general election ballot as an independent candidate for the office of State Attorney General.  Discovery was conducted, the parties filed cross-motions for summary judgment, and the Court ultimately declared all three statutes "unconstitutional as applied in combination against independent candidates for statewide office," in a decision issued on December 22, 2019.

On January 21, 2020, Defendants filed a motion to alter or amend the Court's findings.  On that same day, Attorney General Nessel filed her

motion to intervene. In that motion, Nessel represented that the defendants were uncertain if they would appeal the Court's ruling, and she sought to protect the interests of the state if they chose not to appeal or chose not to file an appeal on all pertinent issues. Specifically, the Attorney General contended:

> The Attorney General, as the state's chief law enforcement officer, has a duty to ensure that the laws of the State of Michigan are followed, and a duty to defend those laws, when those laws are valid and constitutional. Mich. Const. 1963, art. V, §§ 3, 21; Mich. Comp. Laws § 14.28. Concomitant with those duties is the Attorney General's right under Michigan law to intervene in any matter to protect state interests. *See* Mich. Comp. Laws § 14.101. *See also Attorney General v. Public Service Comm.*, 625 N.W.2d 16 (Mich. Ct. App. 2000).

[ECF No. 46, PageID.1068].

The Court denied defendants' motion to alter or amend the Court's findings on March 19, 2020.

In a supplemental filing and her reply brief, the Attorney General reiterates her obligation to the state of Michigan. She disagrees with defendants' decision not to appeal the Court's ruling on the constitutionality of the statutes, and states under her *parens patriae* authority, the Attorney General may act and take a legal position contrary to another state officer or state agency to protect the interests of the State of Michigan. Although defendants filed a limited appeal regarding the remedy granted by the

3

Court, Nessel maintains that her intervention is necessary to protect the interests of the state and to defend the constitutionality of laws enacted by the state legislature.

The Attorney General describes two potential avenues by which this Court could allow her intervention. The Court agrees that intervention of the Attorney General should be as of right.

### III. ANALYSIS

Under Federal Rule of Civil Procedure 24, intervention may be granted as of right or by permission in the Court's discretion.

Intervention should be allowed by right if the Court finds that four criteria are met: (1) the application is timely; (2) the party seeking intervention has a substantial legal interest; (3) the party demonstrates that its ability to protect that interest will be impaired in the absence of intervention; and (4) the current party inadequately represents that interest. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997); Fed. R. Civ. P. 24(a).

There is no doubt that this application is timely, and that the defendants' decision to not appeal the Court's ruling on the constitutionality of the statutes means that whatever interest the Attorney General has in defending the constitutionality of the challenged election statutes will be

inadequately represented by the current defendants; this Court's decision will go unchallenged.

The Court also finds that as the chief law enforcement officer for the State of Michigan – tasked with the responsibility to support and defend its laws – the Attorney General has a substantial legal interest in defending the constitutionality of laws duly enacted by those elected by the state's registered voters.

The Rule 24(a) criteria have been met: Attorney General Dana Nessel may intervene as of right.

## IV. CONCLUSION

Attorney General Dana Nessel's motion to intervene is **GRANTED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 1, 2020