## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

| | | |
|---|---|---|
| **CHRISTOPHER GRAVELINE, WILLARD H. JOHNSON, MICHAEL LEIBSON, and KELLIE K. DEMING,** | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 2:18-cv-12354** |
| | ) | |
| **v.** | ) | **Judge Victoria A. Roberts** |
| | ) | |
| **JOCELYN BENSON, Secretary of State of Michigan, and SALLY WILLIAMS, Director of Michigan Bureau of Elections, in their official capacities,** | ) ) ) ) ) | **Magistrate Judge David R. Grand** |
| **Defendants,** | ) ) | |
| **DANA NESSEL, Attorney General of Michigan,** | ) ) ) | |
| **Intervenor-Defendant.** | ) ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………....iii

STATEMENT OF ISSUES……………………………………………………v

CONTROLLING AUTHORITIES……………………………………………...vi

INTRODUCTION……………………………………………………...……..1

ARGUMENT…………………………………………………...…………..2

      I.     Plaintiffs' Lodestar Request Is Reasonable and Defendants Fail to Assert Any Valid Basis for Reducing It………………..…2

      A.     Plaintiffs' Hourly Rates Are Reasonable……………….…...2

      B.     The Time That Plaintiffs Expended Is Reasonable…………..…4

      II.     Plaintiffs Are Entitled to the Modest Multiplier Requested…….6

CONCLUSION…………………………………….………………………7

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

*Adcock-Ladd v. Secretary of Treasury*,
    227 F.3d 343 (6th Cir. 2000)……………………………………………………3

*Anderson v. Celebrezze*,
    460 U.S. 780, 806A (1983)………………………………………………………..4

*Barnes v. City of Cincinnati*,
    401 F. 3d 729 (6th Cir. 2005)…………………………...…………………….4,7

*Blum v. Stenson*,
    465 U.S. 886, 897 (1984)……………………………………………………….2

*Constitution Party of Pa. v. Cortes*,
    116 F. Supp. 3d 486 (E.D. Pa. 2015)………………………………………….1

*Constitution Party of Pa. v. Cortes*,
    824 F.3d 386 (3rd Cir. 2016)………………………….………………………...1

*Green Party of Md. v. Hogan*,
    No. 1:20-cv-01253 (D. Md. 2020)………………………………………………..1

*Hadix v. Johnson*,
    65 F.3d 532 (6th Cir. 1995)……………………………...……………………….3

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)……………………………….……………………………1

*Imwalle v. Reliance Medical Products, Inc.*,
    515 F. 3d 531, 553 (6th Cir. 2008)……………………………………………….5,7

*Jordan v. City of Cleveland*,
    464 F.3d 584 (6th Cir. 2006)……………………………………….…………….2

*Libertarian Party of Il. v. Pritzker*,
    455 F. Supp. 3d. 378 (N.D. Ill. 2020)………………………………..………...1

*Libertarian Party of Il. v. Cadigan*,
    No. 20-1961 (7th Cir. Aug. 20, 2020)……………..…………………………1

*McQueary v. Conway*,
 614 F. 3d 591 (6th Cir. 2010)…………………..…………………………..1

*Northcross v. Bd. of Ed. of Memphis City Schools*,
 611 F.2d 624, 637 (6th Cir. 1979)……………..………………………1,4

*Perdue v. Kenny A. Ex rel. Winn*,
 559 US 542 (2010)……………………………………………………4,6

## STATEMENT OF ISSUES

I.    Whether Plaintiffs' lodestar request is reasonable?

      A.    Whether Plaintiffs' hourly rates are reasonable?

      B.    Whether the time expended is reasonable?

II.   Whether an enhancement of the lodestar is warranted?

## CONTROLLING AUTHORITY

**AS TO ISSUE No. I.A:**

1.   *Blum v. Stenson*, 465 U.S. 886 (1984)).

2.   *Perdue v. Kenny A. Ex rel. Winn*, 559 US 542 (2010).

**AS TO ISSUE No. I.B:**

1.   *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531 (6th Cir. 2008).

**AS TO ISSUE No. II:**

1.   *Perdue v. Kenny A. Ex rel. Winn*, 559 US 542 (2010).

2.   *Barnes v. City of Cincinnati*, 401 F. 3d 729 (6th Cir. 2005).

"A request for attorney's fees should not result in a second major litigation." *McQueary v. Conway*, 614 F. 3d 591, 602 (6th Cir. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of the fee.").) In the undersigned counsel's experience, in fact, fee petitions are invariably resolved by settlement. *See*, *e.g.*, *Constitution Party of Pa. v. Cortes*, 116 F. Supp. 3d 486 (E.D. Pa. 2015), *aff'd*, 824 F.3d 386 (3rd Cir. 2016) (stipulation of voluntary dismissal filed following settlement of fee petition); *Libertarian Party of Il. v. Pritzker*, 455 F. Supp. 3d. 378 (N.D. Ill. 2020), *aff'd*, *Libertarian Party of Il. v. Cadigan*, No. 20-1961 (7th Cir. Aug. 20, 2020) (same); *Green Party of Md. v. Hogan*, No. 1:20-cv-01253 (D. Md. 2020) (same). Here, by contrast, Defendants have filed an opposition to Plaintiffs' fee petition (hereinafter, "Opp.") in which they contest virtually every point raised. But Defendants do not dispute that Plaintiffs are prevailing parties who are entitled to an award of attorney's fees, nor can they reasonably dispute that Plaintiffs achieved exemplary results. Furthermore, Plaintiffs' fee petition is well-grounded in caselaw and amply supported by a particularized billing record and declarations providing the evidence necessary to justify the lodestar amount. Accordingly, in the event that the Court must rule on Plaintiffs' petition, it should award the fees and costs requested.[1]

---

[1] Plaintiffs reserve the right to supplement their request to compensate them for the time they necessarily spent litigating their fee petition. *See Northcross v. Bd. of Ed. of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979) (citation omitted).

I.     **Plaintiffs' Lodestar Request Is Reasonable and Defendants Fail to Assert Any Valid Basis for Reducing It.**

Plaintiffs' lodestar request is reasonable given the complexity and duration of this litigation, its contingent nature, Defendants' vigorous opposition, and the exemplary results that Plaintiffs achieved. Plaintiffs prevailed at every stage of these proceedings, including preliminary injunction, permanent injunction, summary judgment and two appeals to the Sixth Circuit; every substantive issue was decided in Plaintiffs' favor; and Plaintiffs obtained virtually all the relief they requested. Under these circumstances, "[a]ny reduction from the lodestar amount of attorney's fees is not only unwarranted but an abuse of discretion." *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006) (footnote omitted).

A.     **Plaintiffs' Hourly Rates Are Reasonable.**

Defendants object that Plaintiffs' hourly rates are excessive because they are greater than the mean or median rates in the Detroit market. (Opp. at 10, 12 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). But *Blum* does not state that a "reasonable" rate is "by definition" the mean or median rate, as Defendants suggest. (Opp. at 10.) Instead, as Defendants elsewhere concede, (Opp. at 8), a reasonable rate "is one that is adequate to attract competent counsel but does not produce windfalls to attorneys." *Blum*, 465 U.S. at 897. Defendants do not contend that the requested rates would produce a windfall here, nor could they.

In Defendants' own words, "[a] reasonable rate is one based on a market rate

2

in the community for services rendered by attorneys of comparable skill, experience and reputation." (Opp. at 9 (citation omitted).) Here, Plaintiffs properly base their rates on the Detroit market, not the higher rate they charge in their home forum. *See Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). And while those rates are higher than the median rate in Detroit, they are well within the range of rates for attorneys with comparable skill and experience, as demonstrated by the exemplary results that Plaintiffs achieved.[2]

Defendants insist that this was a "routine" case and that Plaintiffs could have found "competent" counsel at a lower rate, (Opp. at 8,12,13), but they fail to rebut Plaintiffs' evidence demonstrating that this was not possible. As Plaintiff Graveline explained, Plaintiffs were constrained by the need to find attorneys "with both the full body of expertise and the public interest motivation to successfully execute a complex constitutional case" on an expedited and long-term basis, and who would also do it as a *pro bono* matter. (Graveline Decl. ¶ 3, ECF No. 65-5, PageID.1626-1627.) Furthermore, Plaintiffs' attempts to retain counsel in Detroit were rebuffed. (*Id.*, ¶ 5, PageID.1627.) Defendants do not dispute this evidence. (Opp. at 7, n.1.)

There is no basis in law for Defendants' assertion that this action filed under

---

[2] Defendants' reliance on *Hadix v. Johnson*, 65 F.3d 532 (6th Cir. 1995) is misplaced. The Court reduced the requested rates in that case, which were among the highest in the Detroit market, because the legal work involved was routine (monitoring a consent decree) and payment was virtually guaranteed. *See Hadix*, 65 F.3d at 533.

42 U.S.C. § 1983 (commonly known as the Civil Rights Act of 1871) is not a "civil rights" case. Courts' "primary concern" in ballot access cases is "the interests of the voters who choose to associate together to express their support" for the candidates seeking access. *Anderson v. Celebrezze*, 460 U.S. 780, 806A (1983). Here, the relief that Plaintiffs won vindicated the First Amendment rights of Michigan voters statewide. In both form and substance, therefore, this was a civil rights case.

Last, Defendants object that Plaintiffs' rates should be reduced to those they requested in previous fee petitions that relied upon the 2017 version of the State Bar Report. (Opp. at 14.) That is incorrect. The Supreme Court and Sixth Circuit have repeatedly recognized that in cases where counsel's payment is contingent upon success, fees should be based upon "current rather than historic hourly rates...." *Perdue v. Kenny A. Ex rel. Winn*, 559 US 542 (2010); *see also Barnes v. City of Cincinnati*, 401 F. 3d 729, 746 (6th Cir. 2005); *Northcross*, 611 F.2d at 638.

### B.    The Time That Plaintiffs Expended Is Reasonable.

Defendants' assertion that the fees awarded to Plaintiffs should be subject to an "across-the-board" reduction "to account for duplicative, vague, and block billing" is unfounded. (Opp. at 14.) Plaintiffs have submitted detailed billing records that itemize the time that each attorney spent on the specific tasks they necessarily completed in the course of this litigation, as well as declarations explaining their efforts to maximize the economy and efficiency of their collaboration. Defendants'

"conclusory allegations" that the fees requested are "excessive and that … counsel employed poor billing judgment" are insufficient to rebut this evidence. *Imwalle v. Reliance Medical Products, Inc.*, 515 F. 3d 531, 553 (6th Cir. 2008).

Defendants object that Plaintiffs' work was "duplicative" because two attorneys "billed for work on the same documents" and the attorneys billed for "conferencing among themselves," (Opp. at 17-18), but this is neither unusual nor improper. It would be impractical if not impossible for co-counsel to litigate a case without working together on their filings or discussing them. Furthermore, the cases that Defendants generally cite are inapposite because they involved "many lawyers" and were "overstaffed." (Opp. at 16-17 (citing cases).) Here, by contrast, the evidence shows that Plaintiffs' two attorneys were meticulous in their efforts to avoid duplication of work. (*E.g.*, Hall Decl. ¶ 12, ECF No. 65-2, PageID.1526-1527 (describing attorneys' division of labor based upon their respective skill sets and expertise); Watson Decl. ¶ 3, ECF No. 65-4, PageID.1592 (same).) Also, following the preliminary injunction hearing, only one attorney attended each court hearing. Plaintiffs' counsel's collaboration was therefore not duplicative but complementary.[3]

Defendants opine that "it is difficult to imagine" that Plaintiffs' counsel spent a combined 71 hours to oppose Defendants' motion for summary judgment and a

---

[3] Defendants incorrectly assert that Plaintiffs' counsel's requested rates are "in the 95th percentile" based on their years of experience, (Opp. at 20), but in fact both attorneys' rates are well short of the 95th percentile.

combined 86 hours to prepare their appellate brief (Opp. at 20), but this only amounts to approximately one week of full-time work for each attorney, which is more than reasonable for the preparation of these comprehensive dispositive filings. It is also consistent with the time allowed under the rules for the preparation of such filings. Defendants' incredulity is therefore unwarranted. So too is Defendants' attempt to raise "doubts" as to the accuracy of the time that counsel spent communicating. (Opp. at 23.) Much of these communications were written: one attorney wrote a memo and the other read and responded to it. That the attorneys billed different amounts of time for these activities is to be expected.

Despite their allusion to "vague" billing entries, Defendants fail to identify a single entry that Plaintiffs' counsel did not assign to a particular task. And while Defendants object that Mr. Tedards engaged in daily block billing, the ultimate issue is whether the hours expended are *excessive*, measured against the results. For the reasons stated, Mr. Tedards' hours are more than reasonable, and Defendants fail to provide any basis for their assertions to the contrary.

## II. Plaintiffs Are Entitled to the Modest Multiplier Requested.

Defendants pointedly fail to address Plaintiffs' argument that a modest fee enhancement is warranted because the lodestar figure "does not adequately measure [their attorneys'] true market value," *Perdue*, 130 S. Ct. 1662, 1673 (2010) (citations omitted), in that the State Bar Report's singular focus on years of experience does

not reflect the "unusual value" produced by the attorneys' collaboration. Instead, Defendants assert that this case is not "rare and exceptional" or "complex" and that "the meaningfulness of Plaintiffs' success is certainly less than clear…." (Opp. at 29-30.) Such subjective and conclusory pronouncements are insufficient to sustain Defendants' objection. *See Imwalle*, 515 F.3d at 553. More important, Plaintiffs' record of success here – which benefits all Michigan voters – speaks for itself.

As a final point, Defendants imply that fee multipliers are unwarranted in "election cases" as opposed to civil rights cases. (Opp. at 32.) Again, however, there is no basis in law for Defendants' insistence that this § 1983 action does not qualify as a civil rights case. And the Sixth Circuit has repeatedly recognized that enhanced fees may be warranted in such cases. *See, e.g., Barnes*, 401 F.3d at 746 (citing cases).

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiffs' fee petition, the Court should grant the petition and award Plaintiffs the requested fees and costs.

Dated: June 7, 2021                           Respectfully submitted,

                                              /s/ Oliver B. Hall
WILLIAM P. TEDARDS, JR.                       Oliver B. Hall
(D.C. Bar No. 143636)                         (D.C. Bar No. 976463)
1101 30th Street, NW, Suite 500               CENTER FOR COMPETITIVE DEMOCRACY
Washington, DC 20007                          P.O. Box 21090
202-797-9135                                  Washington, D.C. 20009
BT@tedards.net                                (202) 248-9294 (ph)
                                              oliverhall@competitivedemocracy.org

                                              *Counsel for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby affirm that on June 7, 2021 the foregoing document was filed using the Court's CM/ECF system, which will effect service upon all counsel of record.

/s/Oliver B. Hall
Oliver B. Hall